Hon LUKE P. POLAND,
Hon. JOHN PIERPOINT, }  Assistant Judges.
Hon. LOYAL C. KELLOGG, }

---

BRICKETT, DENISON & Co. *v.* ERASTUS N. SPAULDING.

*Promissory note. Protest.*

In protesting a promissory note for non-payment, which by its terms was payable " at any bank in Boston," *Held*, that a demand of payment upon the teller at any bank in that city, selected by the indorsee and holder of the note, and without any previous notice that payment would be demanded there, was sufficient to charge the indorser.

If the maker of the note desired to render the terms " any bank " more definite, he should either have called upon the holder to make his election at

Brickett et al. *v.* Spalding.

what bank he would receive payment, or else have made his own election and given notice thereof to the holder. REDFIELD, Ch. J.

ASSUMPSIT on a promissory note, endorsed by the defendant. Plea, the general issue, and trial by the court, at the September Term, 1859,—BARRETT, J., presiding.

The plaintiff introduced in evidence the note declared on, which is as follows :

"BOSTON, November 25, 1857.

" Three months after date, we promise to pay to the order of E. N. Spaulding, four hundred and seventy-seven dollars and fifty-seven cents, value received, at any bank in Boston."

(Signed,) " DAVID McCAIN, Treasurer.

(Endorsed,) " E. N. SPALDING." Verd. Ant. M. Co."

The plaintiff also introduced the certificate of protest attached to the note, by which it appeared that on the 27th of February, 1858, C. B. F. Adams, a notary public of Boston, at the request of the cashier of the National Bank of that city, presented the note at that bank and demanded payment, and the teller answered " cannot pay ; no funds for the purpose ;" and the note remaining unpaid, the notary duly and officially notified the endorser by a written notice sent him by mail to Roxbury, Vt.

The attorneys of the respective parties agreed that the plaintiffs were the *bona fide* owners of the note ; that the defendant endorsed the note ; that David McCain, treasurer. of the Verd Antique Marble Company, signed it, and was duly authorized so to do by that company ; and that the note was protested according to the certificate of protest thereto attached.

The court further found from the evidence that the defendant was, at the time the note was given to and endorsed by him, and ever since has been, resident in the town of Roxbury, in this State, and that the last day of grace upon the note was Sunday, and the 27th of February, when the note was presented for payment, was Saturday.

The county court rendered judgment *pro forma* for the plaintiff to recover the amount of the note, and the defendant excepted.

*F. V. Randall,* for the defendant.

*Fisk* and *Redfield,* for the plaintiff.

REDFIELD, Ch. J. The only question made in the present case is in regard to demand and notice. It is claimed that the demand at one bank in the city of Boston is not sufficient, at least, not without some notice that payment would be demanded there. But the note is in terms payable " at any bank " in Boston. If the makers desired to make payment, at any particular place they should have restricted the payability of their paper, or if they desired to render the terms " any bank " more definite, they should either have called upon the holder of the note to make his election, at what bank he would receive payment, or else have made their own election and given notice to the holders. In general, where the maker specifies different places of payment, in the alternative, in a note or bill, it is probably reasonable to expect that he will have the election. But here the form of expression seems to indicate that the election is given to the holder, and if so he is not obliged to make the election until the day of payment, unless sooner required to do so by the maker. If no steps are taken by the maker, the demand at " any bank," in a note of this kind, seems to us a full compliance with the contract, and so are the authorities. In all cases of contract, where an indefinite alternative is given, the election belongs to the party who is first compelled to act upon it, or at all events this is generally so. Here the instrument being negotiable, it was fair to expect it might go into the market, and if it did, there must of necessity be a demand of payment upon the maker to charge the prior parties. These incidents may be presumed to have been in the minds of the parties in entering into the contract in this form. It is, then, when the ellipsis is fully supplied, the same as if it had read payable at any bank in Boston where payment should be demanded. This would clearly give the election to the party making the demand.

The form of the demand is the usual one in such cases, we presume, and we do not see very well why anything more should be required. The holder could not fairly expect the maker to be at the bank. He would naturally expect them to have provided funds for the purpose of payment, and left them with the officers of the bank. The demand was, therefore, in the only proper form.

Judgment affirmed.